Susan Qin, Esq. (SBN:350720)
Law Office of Susan Qin, PC
17870 Castleton St. Suite 100
City of Industry, CA 91748
Tel: (626) 486-9222
Email: susan@susanqinlaw.com

*Attorney for Petitioner*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

WANG, Zhuwei, A# 246-724-143

Petitioner,

v.

ERNESTO SANTACRUZ, Field Office Director, Enforcement and Removal Operations, Los Angeles Field Office, U.S. Immigration and Customs Enforcement; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, Attorney General of the United States; and ACTING WARDEN OF THE ADELANTO ICE PROCESSING CENTER,

*Respondents.*

Case No.

**PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

## INTRODUCTION

1. Petitioner WANG, Zhuwei, A# 246-724-143 is in the physical custody of Respondents at the Adelanto ICE Processing Center. Respondents continue to detain Petitioner during the pendency of his removal proceedings despite the absence of a final order of removal despite less restrictive alternatives to ensure appearance.
2. Petitioner is charged as inadmissible under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen who was present in the United States without being admitted or paroled.
3. Petitioner disputes Respondents' position. Petitioner contends that Respondents' interpretation of the Immigration and Nationality Act ("INA") is inconsistent with the statutory framework enacted by Congress and contrary to federal habeas decisions addressing similar detention issues within this District and the Ninth Circuit.
4. Most importantly, Petitioner remains actively engaged in ongoing removal proceedings and is pursuing asylum and related relief under the Immigration and Nationality Act. His eligibility for relief has not yet been finally determined, and no final order of removal has been entered against him. Petitioner has every incentive to appear for future immigration proceedings and continues pursuing lawful relief. Under these circumstances, Petitioner's continued detention serves no legitimate governmental purpose, particularly where less restrictive alternatives, including electronic monitoring and reporting requirements, are available to ensure his appearance.
5. Petitioner is not a recent arrival seeking admission at the Nation's borders. Petitioner entered the United States without inspection on or about April 28, 2023, and is currently pursuing relief in removal proceedings before the Immigration Court. He has no final

order of removal and remains eligible to seek protection under the Immigration and Nationality Act.

6. On July 16, 2026, Petitioner was arrested by local law enforcement and charged with a domestic violence-related offense. he arrests arose from a verbal dispute between Petitioner and his girlfriend, during which she called 911. When officers responded to the scene, they observed what appeared to be a love bite (hickey) on the girlfriend's neck and subsequently arrested Petitioner.

7. The criminal matter remains pending, and no conviction has been entered. Petitioner's arraignment was scheduled before the Whittier Courthouse. Following his arrest, Petitioner posted a $50,000 bond and was released from state custody.

8. After his release, Petitioner complied with ICE's instructions and reported as directed on July 18, 2026, at which time he was placed on electronic monitoring. On July 20, while appearing in connection with his pending criminal proceedings, Petitioner was taken into ICE custody. Petitioner has remained compliant with all court orders and governmental directives. He has not attempted to evade authorities, abscond from supervision, or avoid legal proceedings. These facts demonstrate that Petitioner has consistently complied with legal obligations and does not present a meaningful risk of flight.

9. Petitioner has consistently complied with all legal obligations. He posted bond in his criminal case, reported to ICE as instructed, submitted to electronic monitoring, and appeared for his scheduled criminal court proceedings. Petitioner's criminal case remains pending in the Los Angeles Superior Court, West Covina Courthouse, with the next hearing currently scheduled for October 26, 2026. These facts strongly undermine any claim that Petitioner presents a meaningful risk of flight and demonstrate that less

restrictive alternatives to detention are sufficient to ensure his appearance at future immigration court proceedings.

10. Petitioner contends that his detention is governed by 8 U.S.C. § 1226(a), rather than any mandatory detention provision. Because Petitioner has no final order of removal and remains in ongoing removal proceedings, he is entitled to an individualized determination regarding whether detention is necessary to ensure his appearance at future proceedings or to protect the community. Continued detention without such a determination violates the Due Process Clause of the Fifth Amendment.

11. Petitioner's continued detention under a theory of mandatory detention is inconsistent with the structure and language of the Immigration and Nationality Act. Petitioner is not an arriving alien seeking admission at a port of entry. Rather, Petitioner entered the United States on or about April 28, 2023, and has since been physically present within the United States. He was taken into ICE custody only after his release from state criminal custody in Los Angeles County.

12. Independently and on separate grounds, Petitioner asserts that his continued civil detention violates the Due Process Clause of the Fifth Amendment. Petitioner reported to ICE as directed, submitted to electronic monitoring, and complied with all court appearances. Nevertheless, Respondents continue to detain him civilly without a meaningful individualized custody determination. Under these circumstances, continued detention is excessive, arbitrary, and constitutionally impermissible.

13. Respondents continue to detain Petitioner despite his demonstrated compliance with criminal bond conditions, ICE reporting requirements, electronic monitoring, and court appearances. No final order of removal has been entered against Petitioner, and his

asylum claim remains pending before the Immigration Court. Under these circumstances, continued detention violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment and warrants immediate release.

## JURISDICTION

14. Petitioner is in the physical custody of Respondents. Petitioner is detained at the Adelanto ICE Processing Center.

15. This Court has jurisdiction under 28 U.S.C. § 2241(c)(5) (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, section 9, clause 2 of the United States Constitution (the Suspension Clause).

16. This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the All-Writs Act, 28 U.S.C. § 1651

## VENUE

17. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493- 500 (1973), venue lies in the United States District Court for the Central District of California, the judicial district in which Petitioner is currently detained.

18. Venue is also properly in this Court pursuant to 28 U.S.C. § 1391(e) because Respondents are employees, officers, and agencies of the United States, and because a substantial part of the events or omissions giving rise to the claims occurred in California.

## REQUIREMENTS OF 28 U.S.C. § 2243

19. The Court must grant the petition for writ of habeas corpus or order Respondents to show cause "*forthwith*," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Respondents must file a return "*within three days unless for good cause additional time, not exceeding twenty days, is allowed.*" *Id.*

20. Habeas corpus is "*perhaps the most important writ known to the constitutional law . . . affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement.*" *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added). "*The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application.*" *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000).

**PARTIES**

21. Petitioner WANG, Zhuwei, A# 246-724-143, is a citizen of China, born on March 27, 1988. He entered the United States on or about April 28, 2023, and is currently detained at the Adelanto ICE Processing Center. Petitioner remains in removal proceedings, has no final order of removal, and is seeking relief before the Immigration Court.

22. Respondent Field Office Director oversees the Los Angeles Field Office of ICE's Enforcement and Removal Operations division. As such, the Field Office Director is Petitioner's immediate custodian and is responsible for Petitioner's detention and removal.

23. Respondent Markwayne Mullin is the Secretary of the Department of Homeland Security. He is responsible for the implementation and enforcement of the Immigration and Nationality Act (INA), and oversees ICE, which is responsible for Petitioner's detention. Mr. Mullin has ultimate custodial authority over Petitioner and is sued in his official capacity.

24. Respondent Department of Homeland Security (DHS) is the federal agency responsible for implementing and enforcing the INA, including the detention and removal of noncitizens.

25. Respondent Todd Blanche is the Attorney General of the United States. He is responsible for the Department of Justice, of which the Executive Office for Immigration Review and

the immigration court system it operates is a component agency. He is sued in his official capacity.

## LEGAL FRAMEWORK

26. The INA prescribes three basic forms of detention for the vast majority of noncitizens in removal proceedings.

27. First, 8 U.S.C. § 1226 authorizes the detention of noncitizens in standard removal proceedings before an IJ. See 8 U.S.C. § 1229a. Individuals in § 1226(a) detention are generally entitled to a bond hearing at the outset of their detention, see 8 C.F.R. §§ 1003.19(a), 1236.1(d), while noncitizens who have been arrested, charged with, or convicted of certain crimes are subject to mandatory detention, see 8 U.S.C. § 1226(c).

28. Second, the INA provides for mandatory detention of noncitizens subject to expedited removal under 8 U.S.C. § 1225(b)(1) and for other recent arrivals seeking admission referred to under § 1225(b)(2).

29. Last, the INA also provides for detention of noncitizens who have been ordered removed, including individuals in withholding-only proceedings, see 8 U.S.C. § 1231(a)–(b).

30. This case concerns the detention provisions at §§ 1226(a) and 1225(b)(2).

31. The detention provisions at § 1226(a) and § 1225(b)(2) were enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) of 1996, Pub. L. No. 104–208, Div. C, §§ 302–03, 110 Stat. 3009-546, 3009–582 to 3009–583, 3009–585. Section 1226(a) was most recently amended earlier this year by the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025)

32. Following the enactment of the IIRIRA, EOIR drafted new regulations explaining that, in general, people who entered the country without inspection were not considered detained

under § 1225 and that they were instead detained under § 1226(a). See Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997).

33. Thus, in the decades that followed, most noncitizens who were arrested in the interior and placed in standard removal proceedings received bond hearings, unless their criminal history rendered them ineligible. That practice was consistent with many more decades of prior practice, in which noncitizens who were not deemed "*arriving*" were entitled to a custody hearing before an IJ or other hearing officer. See 8 U.S.C. § 1252(a) (1994); see also H.R. Rep. No. 104-469, pt. 1, at 229 (1996) (noting that § 1226(a) simply "*restates*" the detention authority previously found at § 1252(a)).

34. On July 8, 2025, ICE, "*in coordination with*" DOJ, announced a new policy that rejected well-established understanding of the statutory framework and reversed decades of practice.

35. Petitioner entered the United States on or about April 28, 2023, and is presently in removal proceedings before the Immigration Court. No final order of removal has been entered against him. On July 16, 2026, Petitioner was arrested on state criminal charges and subsequently released after posting a $50,000 bond. On July 18, 2026, Petitioner reported to ICE as directed and complied with electronic monitoring requirements. He was later taken into ICE custody and remains detained at the Adelanto ICE Processing Center.

36. Respondents continue to detain Petitioner during the pendency of his removal proceedings. Petitioner disputes the legal basis for that detention and contends that his continued confinement is inconsistent with the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment.

37. Because Petitioner remains in ongoing removal proceedings and no final order of removal has been entered against him, the legality of his detention is governed by the Immigration and Nationality Act. Petitioner contends that Respondents are unlawfully depriving him of his liberty.

38. By continuing to detain Petitioner despite the absence of a final order of removal and despite his demonstrated compliance with legal obligations, Respondents have deprived Petitioner of liberty without due process of law.

39. Section 1226(a) applies by default to all persons "*pending a decision on whether the [noncitizen] is to be removed from the United States.*" These removal hearings are held under § 1229a, to "*decide the inadmissibility or deportability*" of a noncitizen.

40. The text of § 1226 also explicitly applies to noncitizens charged as inadmissible in standard removal proceedings. See 8 U.S.C. § 1226(c)(1)(E). Subparagraph (E)'s reference to such people makes clear that, by default, such people are generally governed by § 1226(a) rather than § 1225(b).

41. As the *Rodriguez Vazquez* court explained, *"[w]hen Congress creates "specific exceptions"* to a statute's applicability, it *"proves"* that absent those exceptions, the statute generally applies. *Rodriguez Vazquez,* 2025 WL 1193850, at *12 (citing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 400 (2010)).

42. Section 1226 therefore applies to noncitizens facing inadmissibility or deportability charges in standard removal proceedings, unless another mandatory detention provision expressly governs.

43. By contrast, § 1225(b) applies to people arriving at U.S. ports of entry or who recently entered the United States. The statute's entire framework is premised on inspections at the

border of people who are "*seeking admission*" to the United States. 8 U.S.C. § 1225(b)(2)(A). Indeed, the Supreme Court has explained that this mandatory detention scheme applies "*at the Nation's borders and ports of entry, where the Government must determine whether a noncitizen seeking to enter the country is admissible.*" *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).

44. Accordingly, § 1225(b)(2) does not apply to Petitioner. Petitioner entered the United States on or about April 28, 2023, and was later taken into ICE custody following his release from state criminal custody in Los Angeles County. He was not apprehended at a port of entry and was not undergoing an inspection at the time he was detained. Petitioner therefore contends that his continued detention lacks a lawful statutory basis and violates the Due Process Clause of the Fifth Amendment.

45. Petitioner's conduct demonstrates that continued detention is unnecessary. After posting a $50,000 bond in his criminal case, Petitioner reported to ICE as directed on July 18, 2026, complied with electronic monitoring requirements, and appeared for scheduled court proceedings. Petitioner's criminal matter remains pending in the Los Angeles Superior Court, West Covina Courthouse, with the next hearing scheduled for October 26, 2026. These facts demonstrate that Petitioner does not present a meaningful risk of flight and that less restrictive alternatives to detention are sufficient to ensure compliance with all future proceedings.

**FACTS**

46. Petitioner is a citizen of China who entered the United States on or about April 28, 2023. He is currently in removal proceedings before the Immigration Court, and no final order of removal has been entered against him.

47. Petitioner has applied for asylum and remains actively engaged in pursuing relief available under the Immigration and Nationality Act. His eligibility for relief has not yet been finally determined.

48. On July 16, 2026, Petitioner was arrested by local law enforcement and charged with a domestic violence-related offense. he arrests arose from a verbal dispute between Petitioner and his girlfriend, during which she called 911. When officers responded to the scene, they observed what appeared to be a love bite (hickey) on the girlfriend's neck and subsequently arrested Petitioner.

49. Petitioner subsequently posted a $50,000 bond and was released from state custody.

50. On July 18, 2026, Petitioner reported to Immigration and Customs Enforcement ("ICE"), as directed, and complied with electronic monitoring requirements. Petitioner did not attempt to evade authorities, abscond from supervision, or avoid legal proceedings.

51. After reporting to ICE and complying with electronic monitoring requirements, Petitioner's arraignment was scheduled for July 20, 2026, at the Whittier Courthouse. While appearing in connection with his pending criminal proceedings, Petitioner was taken into ICE custody and subsequently transferred to the Adelanto ICE Processing Center. Where he remains detained on the premise that he is an "arriving alien" despite having lived in the US for three (3) years.

52. Petitioner's criminal case remains pending in the Los Angeles Superior Court, West Covina Courthouse. The next hearing is presently scheduled for October 26, 2026.

53. Petitioner has consistently complied with legal obligations. He posted bond in his criminal case, reported to ICE as instructed, submitted to electronic monitoring, and appeared for scheduled court proceedings.

54. Petitioner remains in ongoing removal proceedings and intends to appear at all future hearings. He continues to pursue asylum and related relief before the Immigration Court.

55. Petitioner's continued detention imposes a substantial restraint on his liberty. Petitioner remains detained despite the absence of any final order of removal and despite his demonstrated compliance with criminal bond conditions, ICE reporting requirements, electronic monitoring, and court appearances.

56. Continued detention serves no legitimate governmental purpose and causes ongoing harm. Less restrictive alternatives to detention have already proven effective in ensuring Petitioner's compliance with legal obligations.

57. Any further administrative review would be inadequate to remedy Petitioner's ongoing detention. Petitioner remains confined at the Adelanto ICE Processing Center while challenging the legality of his detention. Prompt judicial intervention is therefore necessary.

## CLAIMS FOR RELIEF
## COUNT I
## Violation of the INA

58. Petitioner incorporates by reference the allegations of fact set forth in the preceding paragraphs.

59. Petitioner entered the United States on or about April 28, 2023, and is presently in removal proceedings before the Immigration Court. No final order of removal has been entered against him. Petitioner contends that Respondents lack statutory authority to continue his detention under the circumstances presented here. Respondents have misconstrued and elongated the term "arriving alien contrary to seven circuit court decisions, which include the 9th Circuit.

60. Courts have rejected the Government's attempt to classify certain noncitizens apprehended within the interior of the United States as subject to detention under 8 U.S.C. § 1225(b)(2) and have instead concluded that such individuals are governed by 8 U.S.C. § 1226. *See Rodriguez Vasquez v. Bostock, No 25-6842, 2026 U.S. App. LEXIS 22798 (9th Cir. July 30, 2026); also Maldonado Bautista v. Santacruz*, __F. Supp. 3d __, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025).

61. Petitioner was not apprehended at a port of entry and was not undergoing an inspection at the time he was taken into ICE custody. Rather, Petitioner had been physically present in the United States since April 2023 and was taken into ICE custody only after being released from state criminal custody in Los Angeles County.

62. Petitioner reported to ICE as directed on July 18, 2026, complied with electronic monitoring requirements, and appeared for scheduled court proceedings. Petitioner further posted a $50,000 bond in his criminal case and remains subject to ongoing criminal proceedings. These facts demonstrate that continued detention is unnecessary to ensure compliance with legal obligations.

63. Because Respondents continue to detain Petitioner under an incorrect interpretation of the Immigration and Nationality Act, Petitioner is unlawfully restrained in violation of federal law.

64. Petitioner is therefore entitled to habeas relief and immediate release from custody.

**COUNT II**
**Violation of Due Process**

65. Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

66. The government may not deprive a person of life, liberty, or property without due process of law. *U.S. Const. amend. V.* "*Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that the Clause protects.*" *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S. Ct. 2491, 150 L.Ed.2d 653 (2001).

67. Petitioner has a fundamental liberty interest in freedom from physical restraint.

68. Petitioner remains in ongoing removal proceedings and has no final order of removal. He is actively pursuing asylum and related relief under the Immigration and Nationality Act, and his eligibility for such relief has not yet been finally determined.

69. Petitioner's continued detention is arbitrary and excessive under the circumstances presented here. Petitioner posted a $50,000 bond in his criminal case, reported to ICE as directed on July 18, 2026, complied with electronic monitoring requirements, and appeared for scheduled court proceedings. His conduct demonstrates a willingness to comply with legal obligations and undermines any contention that continued detention is necessary.

70. Petitioner has not attempted to abscond, evade supervision, or avoid legal proceedings. His criminal matter remains pending before the Los Angeles Superior Court, and he continues to pursue relief before the Immigration Court.

71. Less restrictive alternatives have already proven effective. Prior to his detention, Petitioner complied with release conditions, reported to ICE as instructed, and submitted to electronic monitoring. Continued detention therefore serves no legitimate governmental purpose showing demonstrated compliance.

72. Under these circumstances, Petitioner's continued confinement constitutes an excessive and unreasonable deprivation of liberty in violation of the Due Process Clause of the Fifth Amendment, particularly being held under the incorrect interpretation of the law.

73. As a direct and proximate result of Respondents' actions, Petitioner is unlawfully restrained of his liberty and is entitled to immediate release through a writ of habeas corpus.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

a. Assume jurisdiction over this matter;

b. Issue a writ of habeas corpus ordering Petitioner's immediate release from ICE custody under appropriate conditions of supervision;

c. Order Respondents to immediately release Petitioner from immigration custody;

d. Grant such other and further relief as this Court deems just and proper.

DATED: August 25, 2026

Respectfully submitted

Susan Qin Esq.
*Law Office of Susan Qin, PC*
Attorney for Petitioner

**VERIFICATION BY SOMEONE ACTING ON THE PETITIONER'S BEHALF PURSUANT TO 28 U.S.C. § 2242**

I am submitting this verification on behalf of Petitioner because I am Petitioner's attorney. I have discussed with Petitioner the events described in this Petition. Based on those discussions, I hereby verify that the statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated: August 25, 2026

Susan Qin Esq.
*Attorney for Petitioner*