**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

ZHUWEI WANG,

Petitioner,

v.

ERNESTO SANTACRUZ JR., *et al.*,

Respondents.

Case No. 5:26-cv-04859-ACCV

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

## I. RULING

On August 25, 2026, Petitioner Zhuwei Wang ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 seeking immediate release from Respondents' custody at an unknown location. (Dkt. 1 at 18-19.) The Court has considered the Petition, Respondents' Answer, and Petitioner's Reply. For the foregoing reasons, the Court grants the Petition and orders Respondents to provide Petitioner Zhuwei Wang (A#246724143) an individualized bond hearing before an immigration judge within seven days.

## II. FACTUAL AND PROCEDURAL HISTORY

Petitioner is a native and citizen of China. (Dkt. 1 at 6.) Petitioner entered the United States without inspection on April 8, 2023. (Dkt. 10-1 at 3.) Petitioner was

detained and released from custody on an Order of Release on Recognizance (Form I-220A) and placed on Alternative to Detention. (*Id.*) On June 27, 2024, Petitioner filed an Application for Employment Authorization (Form I-765), and it was approved. (*Id.*) Petitioner has a hearing with Immigration Judge Patick D. Barrett on October 1, 2026. (https://acis.eoir.justice.gov/en/caseInformation, Date accessed: September 21, 2026).

On July 16, 2026, the Department of Homeland Security received a notification that Petitioner was arrested for violating California Penal Code Sec. 211, Robbery (felony), and California Penal Code Sec. 273.5, Inflict Corporal Injury: Spouse/ Cohabitant/Date (felony). (Dkt. 10-1 at 4.) Petitioner contends he posted a $50,000 bond and was released from state custody. (Dkt. 1 at 3.) He reported to Immigration and Custom Enforcement ("ICE") on July 18, 2026, and was placed on electronic monitoring. (*Id.*) Two days later, ICE detained Petitioner at a state court proceeding. (*Id.*)

On August 25, 2026, Petitioner filed the Petition. (Dkt. 1.) Petitioner brings two claims for relief. (*Id.* at 11-14.) Count One is Violation of the INA. (*Id.* at 11-12.) Count Two is Violation of Due Process. (*Id.* at 12-13.) For relief, Petitioner requests, among other things, his immediate release. (*Id.* at 13.) Petitioner did not attach any exhibits. (*See generally* Dkt. 1.) On August 25, 2025, Petitioner filed a Motion for Temporary Restraining Order and Preliminary Injunction ("TRO"). (Dkt. 3.) The Court denied the TRO on August 26, 2026, due to lack of proof of imminent and irreparable harm shown by Peitioner. (Dkt. 8.)

On September 1, 2026, Respondents filed Federal Respondents Answer to Petition for Writ of Habeas Corpus ("Answer"). (Dkt. 10.) Respondents argue Petitioner does not allege an adequate basis to support relief. (*Id.* at 2.) Additionally, Petitioner was detained by immigration authorities due to the changed circumstances of his felony arrests on July 16, 2026. (*Id.*) Respondents oppose release due to Petitioner's criminal history. (*Id.*) Respondent attached an I-213, Record of Deportable/ Inadmissible Alien. (Dkt. 10-1.) The I-213 includes Petitioner's July 16, 2026 arrest

(*Id.* at 3.)

On September 4, 2026, Petitioner filed Petitioner's Reply to Federal Respondents' Answer to Habeas Petition ("Reply"). (Dkt. 11.) In the Reply, Petitioner reiterates his claims in the Petition. (*See generally* Dkt. 11.)

## III. ANALYSIS

### A. Habeas Jurisdiction

A writ of habeas corpus may be granted to any petitioner who demonstrates "he is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). "[A]t its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Rasul v. Bush*, 542 U.S. 466, 474, 124 S. Ct. 2686, 2692, 159 L. Ed. 2d 548 (2004). A petitioner bears the burden of proving by the preponderance of the evidence that he is entitled to habeas relief. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

### B. Petitioner's Due Process Claims

Petitioner argues his prolonged detention since July 20, 2026, violates his fundamental liberty interest in freedom provided by the Fifth Amendment. (Dkt. 1 at 12-13.) The Court agrees.[1]

Under the Due Process Clause, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment . . . lies at the heart of the liberty" protected by the Due Process Clause. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "[T]he Due Process Clause applies to all 'persons' within the United States," including noncitizens, "whether their presence here

---

[1] Because the Court finds Petitioner is entitled to relief based on this claim, the Court declines to consider Petitioner's other claims.

[is] lawful, unlawful, temporary, or permanent." *Id*. at 693. As the Supreme Court recently reaffirmed, the Fifth Amendment "entitles [noncitizens] to due process of law in the context of removal proceedings." *A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) (citation modified) (quoting *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025)).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

**1. Constitutionally Protected Liberty Interest**

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty th[e] [Due] Clause protects." *Zadvydas*, 533 U.S. at 690. In *Morrissey v. Brewer*, the Supreme Court found "that the liberty of a parolee, although indeterminate, includes many of the core values of unqualified liberty and its termination inflicts a 'grievous loss' on the parolee and often on others" and held that "the liberty is valuable and must be seen as within the protection of" due process. 408 U.S. 471, 482, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). Courts in this District, and others, have consistently found that noncitizens who have been released from immigration custody pending civil removal proceedings have a protected liberty interest in remaining out of immigration custody. Noncitizens in such circumstances "gained a liberty interest in their continued freedom when DHS elected to release them on their own recognizance under section 1226(a), which implied a promise that they would not be re-detained so long as they abided by the terms of their release." *Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 934 (N.D. Cal. 2025); *see e.g.*, *Zheng v. Noem*, No. EDCV 26-0675 JGB (RAOX), 2026 WL 851434, at *3 (C.D. Cal. Mar. 25, 2026); *Gourav v. Janecka*, No. EDCV 26-01253-MWF (DSR), 2026 WL

966568, at *2 (C.D. Cal. Apr. 7, 2026); *R.N.G. v. Semaia*, No. 5:26-CV-2839-DSR, 2026 WL 2089544, at *4 (C.D. Cal. July 14, 2026); *Rodolfo Jose Duran Martinez v. Markwayne Mullin et al.*, No. 5:26-CV-03805-BFM, 2026 WL 2111747, at *3 (C.D. Cal. July 20, 2026). Courts have also held that when noncitizens are released after an evaluation for dangerousness and flight risk, noncitizens may be re-arrested and re-detained where there is a material change in circumstances. *Jose Luis Martinez Hernandez v. Markwayne Mullin*, *et. al.*, No. 2:26-cv-02034-TLF, 2026 WL 1998571, at *4 (W.D. Wash. July 10, 2026).

Additionally, while the U.S. Constitution generally requires some kind of hearing before the State deprives a person of liberty or property, there still may be situations in which a prompt post-deprivation hearing is appropriate. *See Guillermo* M. R., 791 F. Supp. 3d 1021, 1035-36 (N.D. Cal. July 17, 2025). The Courts recognize that there may be situations where an urgent arrest is required and a prompt post-deprivation hearing is appropriate. *See Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767, at *11 (E.D. Cal. Aug. 28, 2025) (citing *Zinermon*, 494 U.S. at 128 (noting there may be "special case[s]" where a pre-deprivation hearing is impracticable); *Guillermo M. R.*, 2025 WL 1983677, at *9 ("absent evidence of urgent concerns, a pre-deprivation hearing is required to satisfy due process, particularly where an individual has been released on bond by an IJ").

Here, Petitioner was detained on July 20, 2026, while appearing at a state court hearing in connection with his criminal proceedings. (Dkt. 1 at 3.) Prior to his criminal arrests, Petitioner spent over three years in Los Angeles on release with valid Employment Authorization. (Dkts. 1 at 11; 10-1 at 3.) Petitioner also applied for asylum and his application remains pending. (*Id*. at 11.) Thus, Petitioner has a protected liberty interest in remaining out of ICE custody.

///

///

///

**2. Procedural Protections**

The Court applies the three-part test established in *Mathews v. Eldridge* to determine whether the government's procedures were constitutionally sufficient. 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). The *Mathews* test balances three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Matthews*, 424 U.S. at 335; *see also Zinermon v. Burch*, 494 U.S. 113, 127, 110 S. Ct. 975, 984, 108 L. Ed. 2d 100 (1990).

**a. Private Interest**

The first *Matthews* factor—the private interest—weighs in favor of Petitioner's right to habeas relief, even with recent changed circumstances. Petitioner has lived in the United States for over three years on an Order of Release on Recognizance and has approved Employment Authorization. (Dkts. 1 at 10-11, 10-1 at 3.) Petitioner also applied for asylum. (Dkt. 1 at 11.) On July 16, 2026, however, Petitioner was arrested for a felony robbery and domestic violence. (Dkt. 10-1 at 3.) The first *Mathews* factor weighs in favor of Petitioner, though it does not weigh as strongly as it would for a noncitizen without any showing of material changed circumstances, particularly where such circumstances may be relevant to the assessment of dangerousness or flight risk.

**b. Erroneous Depravation**

The second *Matthews* factor—the risk of an erroneous deprivation—does not weigh against Petitioner's right to habeas relief. "'[T]he risk of an erroneous deprivation [of liberty] is high' where, as here, '[the petitioner] has not received any bond or custody redetermination hearing.'" *J.A.E.M. v. Wofford*, 812 F. Supp. 3d 1058, 1070 (E.D. Cal. 2025) (alterations in original) (quoting *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO (HC), 2025 WL 871334, at *5 (E.D. Cal. Mar. 19, 2025)). Petitioner

was detained at an arraignment on July 20, 2026, four days after his July 16, 2026 arrest. (Dkt. 1 at 3.) Undoubtedly, Petitioner's domestic violence and robbery incident constitutes a change in material circumstance from his initial release. However, there has been no bond hearing to re-evaluate Petitioner's status. Accordingly, the Court finds that a prompt post-deprivation hearing would be consistent with due process.

**c. Government's Interest**

The third *Matthews* factor—the government's interest—does not weigh against Petitioner's right to habeas relief. The Government's interest in enforcing immigration laws, including "protecting the public from dangerous criminal [noncitizens]" and "securing [a noncitizen's] ultimate removal," are "interests of the highest order." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022). "These interests are in fact served by the individualized determination by an immigration judge, based on a review of evidence presented by the government and the noncitizen, as to whether an individual is dangerous or at risk of fleeing removal proceedings, under existing, well-established procedures." *Escobar Salgado v. Mattos*, 809 F. Supp. 3d 1123, 1161 (D. Nev. 2025). The Court can identify no reason that an individualized hearing would interfere with the government's interests. Respondents have not demonstrated that the administrative burden of providing a timely post-deprivation hearing is outweighed by the serious risk of erroneous deprivation, and the Petitioner's interest in continued liberty after he was previously released on his own recognizance. As such, the third *Mathews* factor weighs in Petitioner's favor to have a prompt hearing that addresses the basis for his re-detention.

On balance of the *Matthews* factors, the Court finds that a prompt post-deprivation hearing to be consistent with due process where such hearing considers the grounds for Petitioner's re-detention. Thus, Petitioner is entitled to habeas relief for her due process claim. Having reached the above conclusion on Petitioner's procedural due process claim, the Court declines to address Petitioner's other claims.

**C. Appropriate Relief**

Respondents are not presenting an opposition argument with respect to providing Petitioner a bond hearing. (Dkt. 10 at 2.) In such circumstances, a bond hearing—where the Government bears the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community—is the appropriate relief. *See Kou v. Warden of the Adelanto Ice Processing Ctr.*, No. 5:26-CV-02923-AJR, 2026 WL 1722906, at *4 (C.D. Cal. June 11, 2026) (finding that petitioner's re-detention was triggered by an arrest, and the proper remedy for a due process violation was a prompt bond hearing where the government bears burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community); *Guerrero Alfaro v. Warden Golden State Annex Det. Facility*, No. 1:26-CV-02983-JLT-EPG-HC, 2026 WL 1224249, at *4 (E.D. Cal. May 5, 2026), report and recommendation adopted sub nom. *Alfaro v. Warden Golden State Annex Det. Facility*, No. 1:26-CV-02983 JLT EPG (HC), 2026 WL 1272626 (E.D. Cal. May 8, 2026) (ordering bond hearing for petitioner who was "detained after he was arrested for aggravated assault – strangulation of a domestic violence victim"). Here, Petitioner was detained shortly after Petitioner's arrest for robbery and domestic violence without a bond hearing. (Dkt. 11 at 2.) Accordingly, the Court finds that a post-deprivation hearing is the appropriate remedy.

## IV. CONCLUSION

For the reasons stated, the Court grants the Petition in part and orders Respondents to provide Petitioner Zhuwei Wang (A#246724143) an individualized bond hearing before an immigration judge within seven days, where the Government bears the burden to show by clear and convincing evidence that Petitioner is a flight

///

///

///

///

risk or a danger to the community. Respondents must file a notice of compliance within seven days of the bond hearing. The Court denies Petitioner's request for release without prejudice.

DATED: September 21, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge